IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES E. RICE, | § | |
|      Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-06-248 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|      Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and currently is incarcerated at the McConnell Unit in Beeville, Texas. Proceeding pro se, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. §§ 2241, 2254. (D.E. 1). Pending is respondent's motion for summary judgment for failure to state a claim. (D.E. 11). For the reasons stated herein, it is respectfully recommended that respondent's motion be granted.

### I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provides that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000). At the time of filing this action, petitioner

was incarcerated in Beeville, Texas.

## II. BACKGROUND

Petitioner is currently serving a twenty-five-year sentence for delivery of a simulated controlled substance. (D.E. 11, at Exhibit A, at 2). He does not complain about his holding conviction, but instead challenges the punishment assessed him and the procedure followed in disciplinary cause number 20060122013, where he was accused and found guilty of threatening to inflict harm on an officer. DHR at 3.[1] He claims that his due process rights were violated in the disciplinary action for the following reasons: (1) he did not have the opportunity to call witnesses, or cross-examine any officer; and (2) he received ineffective assistance of counsel. (D.E. 1 at 7).

In the offense report, the charging officer, Officer Trina Marburgh, wrote that on January 3, 2006, the petitioner threatened to inflict harm on her. DHR at 4. Officer S. Nobles and Officer L. McDaniels provided witness statements that support the details as provided by Officer Marburgh. DHR at 8-10. During the preliminary investigation and at the hearing, he admitted using profanity against Officer Marburgh, but maintained that he did not threaten her. DHR at 5-6. He stated that she threatened him with additional time in prison. Id. Petitioner did not

---

[1] Records relating to the disciplinary hearing held on January 11, 2005 are identified as "DHR," and records relating to petitioner's grievance are identified as "DGR."

request any witnesses before the hearing, DHR at 12, but then requested witnesses during the hearing. DHR at 6. The witnesses were not present at the hearing, and the defendant agreed for their testimony to be stipulated to in the record. DHR at 7. Therefore, a stipulation was made as to witness testimony that Officer Marburgh threatened him. Id. At petitioner's request, a counsel substitute was appointed and present for the hearing. DHR at 12.

Petitioner was found guilty based on Officer Marburgh's offense report, Officer Nobles' witness statement, and Officer McDaniels' witness statement. DHR at 3. His punishment was assessed as the loss of thirty days of commissary and recreation privileges, fifteen days of solitary confinement, thirty extra duty hours, reduction in class from S3 to L1, and loss of thirty days good time credit. Id. On January 17, 2006, he filed a Step One grievance challenging the adjudication of his guilt in the disciplinary hearing. DGR at 4. On January 31, 2006, Warden Mossbarger affirmed the findings of the disciplinary hearing, stating that there were no procedural errors and that the actions taken at the disciplinary hearing were within policy. DGR at 5. On April 6, 2006, petitioner filed a Step Two grievance appealing the Warden's decision. DGR at 2. He received a response from Kelli Ward, who informed him that his arguments were without merit, and that there was sufficient evidence to support the guilty verdict. DGR at 3.

On June 15, 2006, petitioner filed this habeas petition. (D.E. 1). He alleges that his disciplinary conviction and the resulting punishment were unconstitutional. Id. On August 4, 2006, respondent filed a motion for summary judgment requesting that petitioner's habeas petition be denied and dismissed as a matter of law. (D.E. 11). He argues that petitioner has failed to demonstrate that he is entitled to federal habeas relief because changes in petitioner's confinement do not raise due process concerns and because petitioner's loss of good time credit also does not raise due process concerns. (D.E. 11 at 5). In addition, he argues that petitioner did not have a right to cross-examine Officer Marburgh at the disciplinary hearing, and that petitioner has failed to raise a constitutional issue regarding effective assistance of counsel because petitioner did not have a right to representation. (D.E. 11 at 8).

### III.  DISCUSSION

**A.    Summary Judgment Standard of Review.**

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law." Id. at 251-52.  In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).  The Court may not weigh the evidence, or evaluate the credibility of witnesses.  Id.  Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Fed. R. Civ. P. 56(e); see also Cormier v. Pennzoil Exploration & Prod. Co., 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions).  Unauthenticated and unverified documents do not constitute proper summary judgment evidence.  King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." Caboni, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." Anderson, 477 U.S. at 250-51.

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248.

**B.     Petitioner Fails to Establish a Protected Liberty Interest.**

    **1.     Changes in Conditions of Petitioner's Confinement.**

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws, or treaties of the United States. In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court described the limited instances in which prison inmates can make out a claim that a liberty interest has been taken without due process:

> The time has come to return to the due process principles we believe were correctly established and applied in [Wolff v. McDonnell, 418 U.S. 539 (1974)] and [Meachum v. Fano, 427 U.S. 215 (1976)]. Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. ... But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 483-84 (internal citations omitted). The Fifth Circuit has noted that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997). It is clear that "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin, 515 U.S. at 478 (citation omitted). The focus is on whether the penalties imposed by the state are the type of atypical, significant deprivation that creates a liberty interest. Id. at 484.

Petitioner is complaining of the loss of good time credits, a change in custody status, solitary confinement, and loss of commissary and recreational privileges. (D.E. 1). However, not every state action taken for a punitive reason encroaches upon a liberty interest. Id. His loss of commissary and recreation privileges is not in line with the atypical, significant deprivations that create a

protected liberty interest. Id. at 485-86. Similarly, the Fifth Circuit has determined that a change in his status from S3 to L1 does not violate a protected interest because the timing of a prisoner's release is "too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-earning status." Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Thus, it is respectfully recommended that these claims are not cognizable habeas claims.

### 2. Petitioner's Loss of Good Time Credits.

Petitioner's claim based on the loss of good time credits could possibly entitle him to habeas relief. See id. at 957-58. Good time credit is taken into consideration by officials for parole and mandatory supervision release purposes. In Texas, there are two ways that an inmate becomes eligible for early release: parole or mandatory supervision. Madison, 104 F.3d at 768. Parole consists of a discretionary and conditional release of an eligible inmate to serve the remainder of his sentence under the supervision and control of the pardons and parole divisions. Id. (citations omitted). Mandatory supervision is the release of an inmate to serve the remainder of his sentence under the supervision of the pardons and paroles division. Id. (citations omitted).

The Fifth Circuit has found that because it is extremely speculative whether an inmate will be released on parole, "there is no constitutional expectancy of parole in Texas." Id. at 768 (citation omitted). Because petitioner has no

8

constitutional expectancy of parole, and thus no protected liberty interest, "he cannot complain of the constitutionality of procedural devices attendant to parole decisions." Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam). Thus, to the extent petitioner claims that his loss of good-time credit affects his parole eligibility, it is respectfully recommended that he fails to state a constitutional claim upon which habeas relief can be granted.

Petitioner is only entitled to due process in the context of lost good-time credit if he has a liberty interest in mandatory supervision. The Fifth Circuit has determined that prior to September 1, 1996, the Texas mandatory supervision program created a constitutional expectancy of early release.[2] Malchi, 211 F.3d at 957-58. He is serving a sentence for a conviction imposed prior to the amendment of the mandatory supervision statute. Therefore, the repealed mandatory supervision program is applicable in this case.

Under mandatory supervision release, while a prisoner has a constitutional

---

[2] The Fifth Circuit stated this constitutional expectancy was created by, the now repealed, article 42.18 § 8(c) of the Texas Code of Criminal Procedure which reads "a prisoner who is not on parole shall be released to mandatory supervision by order of a parole panel when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced." Id. Article 42.18 § 8(c) was amended September 1, 1996, and subsequent to the amendment the whole body of Article 42.18 was repealed effective September 1, 1997. In determining what mandatory supervision statute applies in an offender's case, it is the date of the offense not sentencing that controls. See Ex parte Marby, 137 S.W.3d 58, 60 (Tex. Crim. App. 2004) (savings clause included in new statute "reflect[s] clear intention by the Legislature to apply old law to prisoners serving a sentence for an offense committed prior to the September 1, 1996 effective date.").

expectancy of early release, he does not have a constitutional expectancy of release on a specific day. Id.  Therefore, some "de minimis delay of a few days in a prisoner's mandatory supervision release would not give rise to a constitutional claim." Id. at 958.  On the other hand, a six-month delay would be more than de minimis and would more than likely give rise to a constitutional claim. Id.  In dicta, the Fifth Circuit stated that "[a] 30-day delay of a mandatory supervision release might be de minimis and therefore not give rise to a due process claim." Richards v. Dretke, 394 F.3d 291, 294 n.5 (5th Cir. 2004).  Following this line of reasoning, the United States District Court for the Northern District of Texas held that "30 days, which represents less than one-fourth of one percent of Petitioner's total sentence, is de minimis and constitutional due process concerns are not implicated." Teague v. Dretke, 384 F. Supp. 2d 999, 1003 (N.D. Tex. 2005).

Petitioner is serving a twenty-five-year sentence for delivery of a simulated controlled substance.  (D.E. 11, at Ex. A, at 3).  His punishment at the disciplinary hearing was a loss of thirty days of good-time credits.  (D.E. 12).  The deprivation of thirty days of good-time credits from a prisoner serving a twenty-five-year sentence seems to fall within the range of a de minimis delay that does not give rise to constitutional concerns.  The Fifth Circuit has held that somewhere between a few days and six months lies a demarcation of when a prisoner possesses a constitutionally protected liberty interest in good-time credits and when he does

not. Malchi, 211 F.3d 953. However, the Fifth Circuit has not stated exactly where the line between a de minimis delay and a protected liberty interest should be drawn. The Fifth Circuit has indicated, in dicta, that a thirty-day delay, resulting from a loss of good-time credits, would be considered de minimis. Richards, 394 F.3d at 294 n.5. Based on the foregoing, it is respectfully recommended that the Court find that petitioner does not have a protected liberty interest in his good-time credits, but rather, suffered a de minimis delay in his release that is not constitutionally protected.

**C.     Petitioner was Afforded Due Process of the Law.**

While a disciplinary hearing is not part of a criminal prosecution, and therefore, "the full panoply of rights due a defendant in such proceedings does not apply," the Supreme Court has held that prisoners are entitled to "minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right [of good-time credit] is not arbitrarily abrogated." Wolff v. McDonnell, 418 U.S. 539, 556, 558 (1974). It further held that procedural due process requires an inmate facing a disciplinary action be provided: (1) a written notice of the disciplinary action charges, at least twenty-four hours before the hearing; (2) a written statement by the fact finder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses to testify in his defense, if not hazardous to

institutional safety or correctional goals.  Id. at 564-566.  However, the third requirement is limited, and confrontation and cross-examination of witnesses are not constitutionally required.  Houser v. Dretke, 395 F.3d 560, 562 (5th Cir. 2004).

Substantial due process is not violated if some evidence supports a disciplinary committee's findings and punishment.  Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985).  It is not the job of the courts to assess the weight of the evidence when reviewing a disciplinary hearing, but only to determine whether the guilty finding has the support of some facts, or any evidence at all.  Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001).  The Supreme Court has elaborated on the "some evidence" requirement, explaining:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is <u>any evidence in the record that could support the conclusion reached by the disciplinary board</u>.

Hill, 472 U.S. at 455-56 (citations omitted) (emphasis added).  The Fifth Circuit has articulated a "highly deferential standard" toward the findings of prison officials in disciplinary proceedings, and has suggested that courts defer to committee findings on credibility of evidence.  See Adams v. Gunnell, 729 F.2d 362, 370 (5th Cir. 1984) (citation omitted) (stating that sufficiency of evidence in a disciplinary proceeding is tested by a "highly deferential standard" and choosing to defer to a prison committee's choice to believe one witness over another).

Based on a review of petitioner's disciplinary hearing records, it appears the State did follow the due process requirements set out by the Supreme Court in Wolff and Hill. First, petitioner does not dispute that he waived his right to twenty-four hours notice of the disciplinary proceeding. Second, the record reflects that he was informed of his right to call and question witnesses and present documentary evidence, and the fact finders issued an adequate written statement of their findings. His complaint is that the third requirement was not satisfied because he was not allowed to call witnesses at the hearing, or cross-examine Officer Marburgh.

### 1.     Petitioner's Opportunity to Cross-Examine and Call Witnesses.

According to the standard articulated by the Fifth Circuit in Houser, petitioner's due process right to present evidence and call witnesses in his defense does not extend to confrontation and cross-examination. 395 F.3d at 562. Therefore, it is respectfully recommended that petitioner's complaint that he was not allowed to cross-examine Officer Marburgh is without merit.

Petitioner did not provide prison officials with the names of any witnesses he proposed to call at the hearing when given opportunity to do so. As the Fifth Circuit has stated in an analogous case, "[e]ven if he had done so, prison officials were not required to permit the testimony or offer reasons for prohibiting the testimony." Id. During the hearing, he requested the opportunity to call witnesses.

Prison officials allowed the testimony of petitioner's proposed witnesses to be stipulated to in the record. DHR at 7. He agreed to this stipulation at the time. It is assumed that the committee found the testimony of Officer Marburgh and affidavits of Officers Nobles and McDaniels more credible than the offender's testimony and stipulated witness testimony. The Fifth Circuit has determined that this Court should defer to the committee's findings on the weight of the evidence. See Adams, 729 F.2d at 370. Therefore, it is respectfully recommended that petitioner has failed to present a cognizable claim for habeas relief on the grounds that he was unable to have witnesses testify at the disciplinary proceeding.

### 2. Ineffective Assistance by Counsel Substitute.

Petitioner also alleges that he was denied due process because of ineffective assistance by the counsel substitute provided for his disciplinary hearing. (D.E. 1 at 7). He claims that the counsel substitute "refused to act as a counsel for the defense" because she did not believe he needed to have witnesses testify at the disciplinary proceeding. Id. The Supreme Court has held that inmates do not have the right to counsel at disciplinary proceedings. Wolff, 418 U.S. at 570. Accordingly, he did not possess a constitutional right to counsel and cannot complain about the violation of a right, which does not exist. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam) (holding that a respondent, who does not have a constitutional right to counsel, cannot be deprived of effective

counsel); accord Moore v. Cockrell, 313 F.3d 880, 882 n.9 (5th Cir. 2003) (quoting Wainwright); Jackson v. Johnson, 217 F.3d 360, 364 & n.21 (5th Cir. 2000) (quoting Wainwright).  It is respectfully recommended that petitioner's claim that he was provided ineffective assistance by the counsel substitute be found to be without merit.

Petitioner was afforded his due process rights.  Accordingly, it is respectfully recommended that his claims are without merit, and should be dismissed with prejudice.  It is further respectfully recommended that he has failed to show the necessity to hold any evidentiary hearing in this case.  See Murphy v. Johnson, 205 F.3d 809, 815 (5th Cir. 2000) (holding a habeas petitioner's entitlement to an evidentiary hearing is extremely limited).

**D.    Certificate of Appealability.**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a

substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

16

procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Here, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability as to his claims.

## IV. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 11), be granted, and that petitioner's habeas petition, (D.E. 1), be dismissed with prejudice.  It is further respectfully recommended that petitioner is not entitled to an evidentiary hearing.  Finally, it is respectfully recommended that he be denied a certificate of appealability.

Respectfully submitted this 13th day of September 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).